### SYVILLE v. WATERMAN S. S. CORPORATION.
#### Civ. No. 41-427.

United States District Court
S. D. New York.
June 9, 1949.

Jesse L. Rosenberg, New York City, for libelant Anne Syville.

Gay & Behrens, New York City (Edward J. Behrens, New York City, of counsel) for respondent.

Edward B. Eliezer, David Mindlin, for Elise Civil.

COXE, District Judge.

This libel was originally filed by Anne Syville, as Administratrix of Alphonse Syville, to recover damages under both the Jones Act, 46 U.S.C.A. § 688, and the Death on the High Seas Act, § 1, 46 U.S.C.A. § 761 for the alleged wrongful death of her husband, a seaman employed by the respondent. After issue had been joined, the Surrogates' Court of Kings County, New York, which had appointed her administratrix, revoked her letters of administration and appointed Elise Civil as administratrix in her place, and she now moves for an order permitting her to serve an amended libel in which she, as general guardian of her five infant children, shall be the libelant and Elise, as administratrix

of Alphonse, co-libelant. The motion is opposed by both Elise and the respondent.

It appears from the papers that Anne's letters were revoked because she was not the lawful widow of Alphonse, he having married Elise in 1917, ten years before he married Anne, and that marriage never having been dissolved. No children were born of the marriage to Elise, but five children were born of the marriage to Anne, all of whom are infants and still alive. At the time of his death Alphonse was supporting Anne and the children, and Anne was receiving from respondent a seaman's allotment from his pay. It does not appear that Alphonse has ever contributed to the support of Elise.

At about the same time that Anne's letters of administration were revoked, the Surrogate appointed her general guardian of her five children for the purpose of bringing this action. Alphonse left no other estate than the two causes of action referred to.

■ Under either the Jones Act or the Death on the High Seas Act the personal representative of the deceased seaman is the only person who may maintain an action. See O'Neil v. Cunard White Star Limited, D.C.S.D.N.Y., 69 F. Supp. 943, 945. Anne cannot, as general guardian, maintain the action, nor can she, as administratrix, her letters having been revoked, continue further to prosecute it. Elise, by reason of her appointment as administratrix, has succeeded to the rights of Anne as administratrix, and is now the only person who can continue the prosecution of the action, and, despite her objections, she must be made an involuntary libelant. I think that Rule 18 of the Local Admiralty Rules authorizes this.

■ Under ordinary circumstances this relief would seem to be sufficient. But there is evident antagonism between Anne and Elise. However, the rights of the infant children to share in any recovery must be protected. Both Acts provide that the action shall be maintained for the benefit of both the widow and the children. And, under the Death on the High Seas Act, the words "child, or dependent relative" have been held to include illegitimate children. Middleton v. Luckenbach S.S. Co., 2 Cir., 70 F.2d 326. Under Local Admiralty Rule 15 persons entitled to participate in the recovery may be admitted to prosecute as co-libelants. I think that under this Rule there is authority to add Anne, as general guardian of her children, as a co-libelant.

The motion is disposed of by directing that Elise, as administratrix, shall file within 20 days a second amended libel in which she shall be the libelant and Anne, as general guardian, co-libelant. In the event that Elise shall fail to do so, Anne, as co-libelant, may file such second amended libel in the names of Elise, as administratrix, libelant, and herself, as general guardian, co-libelant.