Mrs. Helen Peek **RIDGEDELL**, Individually as Tutrix and the Personal Representative of Richard Ozema Ridgedell, Dec'd,

v.

**OLYMPIC TOWING CORPORATION.**
Civ. A. No. 11218.

United States District Court
E. D. Louisiana.

June 12, 1962.

L. B. Ponder, Jr., Amite, La., for plaintiff.

Edward S. Bagley, New Orleans, La. (Terriberry, Rault, Carroll, Martinez & Yancey), New Orleans, La., for defendant.

ELLIS, District Judge.

Plaintiff brings this suit under the Jones Act, 46 U.S.C.A. § 688, as personal representative of Richard Ozema Ridgedell who died from injuries sustained while working aboard defendant's tug and barge. The complaint alleges negligence on the part of defendant's employees and the unseaworthiness of defendant's barge. Plaintiff seeks damages for pecuniary loss and loss of love, affection, and companionship for herself individually and as natural tutrix for the deceased's minor children. The action is brought alternatively under the Jones Act, the Death on the High Seas Act, 46 U.S.C.A. § 761; the Louisiana Workmen's Compensation Statute, L.S.A.–R.S. 23:1021 et seq.; and the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

Defendant moves to strike from the complaint the allegations of unseaworthiness, the damages predicated on loss of love and affection, and the Death on the High Seas Act claim.

■ Defendant's motion to strike plaintiff's unseaworthiness claim must be sustained. The rule of Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686, that the personal representative under the Jones Act is limited to a negligence action remains the law.[1] Regardless of cases which set standards for unseaworthiness approximating standards of due care,[2] it cannot be denied

that " * * * the decisions of (the Supreme Court) have undeviatingly reflected an understanding that the owner's duty to furnish a seaworthy ship is absolute and completely independent of his duty under the Jones Act to exercise reasonable care." Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 549, 80 S.Ct. 926, 4 L.Ed.2d 941. The unseaworthiness claim is distinct from the Jones Act claim and unavailable to the personal representative under the Jones Act.

■■ Plaintiff argues that since the Jones Act gives the personal representative an action "at law" he may recover for loss of love and affection because Louisiana Courts have allowed recovery for such loss. It is unnecessary to inquire into the breadth of the words "at law" since the federal courts have made it clear that the federal statute limits recovery to actual pecuniary loss.[3] The allegations of loss of love and affection must be stricken from the complaint.

■■ Under the Death on the High Seas Act, the United States District Court is given jurisdiction, in admiralty, over suits by personal representatives for wrongful death occurring beyond a marine league from the shore of any state. While the Supreme Court has so far found it unnecessary to determine the effect of the concurrent jurisdiction of the Jones Act and the Death on the High Seas Act beyond a marine league from shore,[4] it is certain that the Death on the High Seas Act is not applicable within a marine league from shore. Moreover, the Death on the High Seas Act, where applicable, provides specialized relief on a specific side of the Court, on behalf of specific parties, and against

1. Kernan v. American Dredging Co., 355 U.S. 426, 429, 78 S.Ct. 394, 2 L.Ed.2d 382; Bath v. Sargent Line Corp., S.D.N.Y., 166 F.Supp. 311; Holland v. Steag, Inc., D.C.Mass., 143 F.Supp. 203; see The Ballantrae, 3 Cir., 208 F.2d 346.

2. Vickers v. Tumey, 5 Cir., 290 F.2d 426; Roberts v. United Fisheries Vessels, Inc., 1 Cir., 141 F.2d 288.

3. Gulf, Colorado & Santa Fe Ry. Co. v. McGinnis, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785; United States v. Boykin, 5 Cir., 49 F.2d 762; Gerardo v. United States, N.D.Cal., 101 F.Supp. 383.

4. Lindgren v. United States, supra.

a broad group of potential defendants different from those under the Jones Act or state death acts. Hence, the jurisdiction conferred by the Death on the High Seas Act, even when joined with jurisdiction under the Jones Act, creates a situation different than the Jones Act. Consequently, it should be evident from the complaint, from which jurisdictional source the plaintiff draws. Rule 8 of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends * * *." [5] Plaintiff's complaint does not claim that the accident in suit happened more than a marine league from shore. Manifestly, this court still has jurisdiction of a claim under the Jones Act, but may not take jurisdiction under the Death on the High Seas Act.

In the course of argument, counsel for both sides seemed in agreement that the accident happened within the territorial limits of Louisiana. However, the record is silent on the matter and the court is not disposed to dismiss actions on the representations of counsel without more. Consequently, plaintiff's claim under the Death on the High Seas Act must be dismissed unless, within ten days, plaintiff can amend his complaint to allege that the accident occurred more than one marine league from shore.

IT IS ORDERED that defendant's motion to strike the allegation of unseaworthiness be and the same is hereby GRANTED.

IT IS ORDERED that defendant's motion to strike the allegations of damages based on loss of love, affection and companionship be and the same is hereby GRANTED.

IT IS ORDERED that defendant's motion to strike plaintiff's claim under the Death on the High Seas Act be and the same is hereby GRANTED, unless plaintiff amends his complaint within ten days to allege that the accident occurred beyond one marine league from shore.