**Jeanne DOYLE, Administratrix of the Estate of Samuel Nathaniel Doyle, Libelant-Appellee,**

v.

**ALBATROSS TANKER CORP. and Overseas Navigation Corp., Respondents-Appellants.**

**No. 331, Docket 30157.**

United States Court of Appeals
Second Circuit.

Argued May 12, 1966.

Decided Nov. 23, 1966.

Richard D. Huttner, Rolnick, Ezratty & Huttner, New York City, for libelant-appellee.

Thomas J. Short, Dougherty, Ryan, Mahoney & Pellegrino, Lawrence J. Mahoney, Albert D. Koch, New York City, for respondents-appellants.

Before WATERMAN, MOORE and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge:

Samuel Nathaniel Doyle, chief steward aboard the S.S. Erna Elizabeth, an American flag vessel, was shot and killed by a fellow crew member while the vessel was under way and more than a marine league from the shores of the United States. His widow, Jeanne Doyle, as administratrix of his estate, brought an action for damages at law for his death under the Jones Act, 46 U.S.C. § 688, based on a claim of employer negligence, and while that action was pending also brought the present admiralty action seeking damages for wrongful death under the Death on the High Seas Act, 46 U.S.C. §§ 761–767, based on a claim of unseaworthiness. Respondents-appellants Albatross Tanker Corp. and Overseas Navigation Corp. filed exceptions to the libel contending that the death of a seaman is not actionable under the Death on the High Seas Act but only actionable under the Jones Act. In a reasoned opinion the court below granted Mrs. Doyle's motion to overrule these exceptions; respondents appeal from the order granting this motion.

In appellants' view, the Death on the High Seas Act does not apply to a seaman because the Jones Act provides the exclusive remedy for damage occasioned by the wrongful death of any seaman occurring in the course of his employment.[1]

The Death on the High Seas Act, adopted on March 30, 1920, provides:

Whenever the death of a *person* shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued. (Emphasis added.)

Unlike the Death on the High Seas Act the applicability of the Jones Act is not restricted to occurrences that have taken place farther from the shores of the United States than a marine league. There is not a whisper in the text of the Jones Act or in its legislative history to

---

1. The so-called Jones Act, 46 U.S.C. § 688, reads in pertinent part as follows:

§ 688. Recovery for injury to or death of seaman

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable.
* * *

This statute was Section 33 of the Merchant Marine Act of June 5, 1920, which was passed by the same Congress that had passed the Death on the High Seas Act barely two months earlier.

indicate that, with respect to seamen, in the special area covered by the Death on the High Seas Act, Congress intended the Jones Act to supersede the Death on the High Seas Act, passed two months earlier. Moreover, contrary to appellants' contentions, it appears to be the settled law of the lower federal courts, expressed in numerous cases, that both statutory remedies may be availed of for the purpose of recovering damages for the wrongful deaths of seamen caused by occurrences on the high seas, and that the action in admiralty created by the Death on the High Seas Act may be pursued by the personal representative of a deceased sailor as well as the action at law provided for in the Jones Act. See, e. g., Chermesino v. Vessel Judith Lee Rose, Inc., 211 F.Supp. 36 (D.Mass.1962), aff'd, 317 F.2d 927 (1 Cir.), cert. denied, 375 U.S. 931, 84 S.Ct. 333, 11 L.Ed.2d 264 (1963); Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 96 A.L.R.2d 1085 (2 Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962); Whitaker v. Blidberg Rothchild Co., Inc., 195 F.Supp. 420, (E.D.Va.), aff'd, 296 F.2d 554 (4 Cir. 1961); Civil v. Waterman S.S. Corp., 217 F.2d 94 (2 Cir. 1954); Middleton v. Luckenbach S.S. Co., 70 F.2d 326 (2 Cir. 1934); Ridgedell v. Olympic Towing Corp., 205 F.Supp. 952 (E.D.La.1962); Petition of Gulf Oil Corp., 172 F.Supp. 911 (S.D.N.Y.1959); McLaughlin v. Blidberg Rothchild Co., Inc., 167 F.Supp. 714 (S.D.N.Y. 1958); Tetterton v. Arctic Tankers, Inc., 116 F.Supp. 429 (E.D.Pa. 1953); Syville v. Waterman S.S. Corp., 84 F.Supp. 718 (S.D.N.Y.1949); The Four Sisters, 75 F.Supp. 399 (D.Mass. 1947). The text writers agree with this analysis. See 1 Benedict, Admiralty, 384

(6th ed. 1940); 2 Norris, Law of Seamen, 775–77 (2d ed. 1962); Gilmore & Black, The Law of Admiralty, 304 (1957).

Despite this impressive weight of authority against their position, appellants argue that the United States Supreme Court has indicated that personal representatives of deceased sailors are required to pursue the Jones Act remedy when damages for a seaman's wrongful death are sought. Appellants primarily rely upon Lindgren, Admnr. v. United States, 281 U.S. 38, at 47, 50 S.Ct. 207 at 211, 74 L.Ed. 686 (1930) where a unanimous court stated, that Section 33 of the Merchant Marine Act (the Jones Act) "covers the entire field of liability for injuries to seamen, it is paramount and exclusive, and supersedes the operation of all state statutes dealing with that subject." Lindgren's intestate, Barford, employed as a third mate on a merchant vessel owned by the United States, was killed while the vessel was within the territorial limits of the State of Virginia. Prior to the passage of the Merchant Marine Act of 1920 there was no remedy for the wrongful death of a seaman under the maritime law and actions for wrongful death were brought by the estates of seamen pursuant to the various state Lord Campbell's acts. *Lindgren* preempted this field, which until that case was occupied by the various state statutes, by holding that the newly created federal remedy should be exclusively applicable when a seaman's death followed an occurrence within territorial waters. The general language in the opinion is directed toward this. In fact, the issue before us here was specifically reserved by the Lindgren Court, 281 U.S. 38 at 48, 50 S.Ct. 207 at 212.[2]

2. Justice Sanford for the Court in the last paragraph of the opinion stated the following:

3. It is suggested in argument that if the statutes of the several States are superseded by the Merchant Marine Act it would follow that the Death on the High Seas Act, which had been previously adopted, would likewise be superseded. That Act, however, concededly has no application here, since

Barford's death did not occur on the high seas but within the territorial limits of the State of Virginia. We have no occasion to consider its scope and effect here and do not determine what effect, if any, the Merchant Marine Act has upon it; and nothing stated in this opinion is to be considered as having any reference to those questions.

We are unpersuaded by appellants' reliance in this case upon *Lindgren*. The injury that resulted in Doyle's death occurred on the high seas and not within territorial waters. The admiralty action brought pursuant to the federally-created right granted by the Death on the High Seas Act is not based upon the common law concept of negligence incorporated within the Federal Employers' Liability Act, the prototype of the Jones Act. The result reached in the narrow area covered by the *Lindgren* case has been recently reaffirmed in Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), but the issue of whether the Death on the High Seas Act created a federal right to obtain damages for the wrongful death of a seaman on the high seas based upon the unseaworthiness of the vessel he was employed upon was never reached by the Court.

We hold with the district court that this statute gives a remedy in the admiralty for the wrongful death of persons on vessels upon the high seas, including those persons employed on the vessels.

The order overruling appellants' exceptions below is affirmed.