Helen GVIRTSMAN, as Special Adminis·
tratrix of the Estate of Masaharu
Sato, deceased, Plaintiff,

v.

WESTERN KING CO., Inc., a Puerto Ri·
can corporation, and Peter Pan Caribe,
Inc., a Puerto Rican corporation, De·
fendants.

No. 66–1468–IH.

United States District Court
Central District California.

Feb. 9, 1967.

Ben Margolis, Los Angeles, Cal., for plaintiff.

William Manns, Beverly Hills, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

IRVING HILL, District Judge.

Plaintiff is the administratrix of the estate of a seaman who died as a result of injuries suffered aboard ship on the high seas. By pre-trial motions, Defendant has raised for decision the following questions:

1. Where a seaman has been killed as a result of a shipboard accident on the high seas, may his personal representative file an action based in one count on the Jones Act (46 U.S.C. § 688) and in another count on the Death On The High Seas Act (46 U.S.C. § 761 et seq.), or is the Jones Act the exclusive remedy in such a situation? This question is of importance because unseaworthiness is a basis for recovery under the Death On The High Seas Act, but is not included as a basis for recovery under the Jones Act.

2. Assuming that remedies under both Acts are available to the personal representative and a count under each statute is joined in the same action, is Plaintiff entitled to a jury trial on both counts of the action?

## IS THE JONES ACT AN EXCLUSIVE REMEDY?

■■ Defendant points out that the Death On The High Seas Act and the Jones Act were passed at the same session of Congress, the Jones Act being the later enacted. Defendant concedes that the Death On The High Seas Act which provides for an action in admiralty, may have been broad enough to cover a wrongful death action for the death of a seaman aboard ship at sea. But, Defendant argues, the later passage of the Jones Act specifically creating a remedy at law for a seaman's death on the high seas was intended by Congress as a pro tanto repeal of the earlier Death On The High Seas Act insofar as that Act applies to a seaman's death. No prior holdings are cited in support of this position. The Second Circuit, in a persuasive opinion, has held to the contrary, i. e. that both remedies are available and the later statute should not be construed as a repeal of the remedy provided in the earlier statute. Doyle v. Albatross Tanker Corp., 367 F.2d 465 (2d Cir. 1966). I am persuaded by the logic and reasoning of the opinion in *Doyle.*

■ There is nothing incongruous about providing alternative remedies, one for unseaworthiness and one for negligence, for seamen's injuries in the line of duty. An injured seaman who does not die as a result of his injuries has both remedies. Romero v. International Terminal Operating Co., 358 U.S. 354, 380, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). The action of Congress in providing the second remedy for the estate of a seaman who suffers a fatal injury at sea, without expressly repealing the other remedy previously provided, and without using words of exclusivity in the second statute, manifest, I think, an intent that both remedies should likewise be available when death results from injuries suffered at sea.

## DOES PLAINTIFF HAVE A RIGHT TO JURY TRIAL ON BOTH COUNTS OF THE ACTION?

■ There appear to be no reported opinions which decide whether Plaintiff has a right to jury trial on both causes of action when a Jones Act death action based on negligence is joined in the same complaint with an action under the Death On The High Seas Act based on unseaworthiness.

However, the answer to the question is foreordained by the decision of the United States Supreme Court in Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). In *Fitzgerald,* the plaintiff was an injured seaman who did not die of his injuries. His action was in three counts, one under the Jones Act for negligence, one in admiralty for unseaworthiness, and the third in admiralty for maintenance and cure. As to the two admiralty counts, if they or either of them had constituted the entire cause of action, there would have been no right to a jury trial. Under the Jones Act, however, the statute expressly granted to the plaintiff the right of jury trial. The trial court decided that both the Jones Act count and the unseaworthiness count would be tried by a jury but that the maintenance and cure count would be withheld from the jury and tried by the Court alone. The Supreme Court held that the denial of a jury trial on the maintenance and cure count was error. The Court's rationale is expressed in the following quotation from the opinion:

"Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery. Re-

quiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery. * * * In the absence of some statutory or constitutional obstacle, an end should be put to such an unfortunate, outdated, and wasteful manner of trying these cases. * * *

"While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases. * * * Where, as here, a particular mode of trial being used by many judges is so cumbersome, confusing, and time consuming that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts, we should not and do not hesitate to take action to correct the situation. Only one trier of. fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments. And since Congress in the Jones Act has declared that the negligence part of the claim shall be tried by a jury, we would not be free, even if we wished, to require submission of all the claims to the judge alone. Therefore, the jury, a time-honored institution in our jurisprudence, is the only tribunal competent under the present congressional enactments to try all the claims. * *" 374 U.S. at 18–21, 83 S.Ct. at 1649–1650 (Footnotes omitted).

Surely the same factors and considerations are applicable to the instant problem. As in *Fitzgerald,* the instant case is "essentially one lawsuit to settle one claim" and "[o]nly one trier of fact should be used for the trial". Thus,

Plaintiff has the right to jury trial on both counts of the complaint in the instant case.

It is therefore ordered that Defendant's motion is denied.