303 So.2d 98

**Borden STRICKLAND, as Adms., etc.**

v.

**MOBILE TOWING AND WRECKING CO., INC., a corporation, etc.**

**SC 879.**

Supreme Court of Alabama.

Nov. 14, 1974.

A. Clay Rankin, III, Mobile, for appellee.

Wilters & Brantley, Bay Minette, for appellant.

MERRILL, Justice.

This appeal is from a judgment of nonsuit dated January 24, 1974, requested by the plaintiff after the trial court had sustained defendant's plea in abatement after a hearing.

Borden Strickland, as administrator, filed suit against Mobile Towing and Wrecking Company, Inc., seeking damages for fatal injuries to one of its employees, William Woodruff Jackson, who died on March 12, 1965. The suit was filed under the provisions of the Jones Act, 46 U.S.C. A. § 688, which provides in pertinent part:

"* * * in the case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. * * *"

In Syville v. Waterman S. S. Corp., 84 F.Supp. 718 (S.D.N.Y.1949), affirmed 217 F.2d 94 (2nd Cir. 1954), the court said:

"Under either the Jones Act or the Death on the High Seas Act the personal representative of the deceased seaman is the only person who may maintain an action."

■ Railway employees noted in the Jones Act are governed by 45 U.S.C.A., §§ 51-60. Section 56 provides in part:

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

In Gulf, Colorado & Santa Fe R. Co. v. McClelland, 355 F.2d 196 (5th Cir. 1966), the court said:

"* * * It is clear that compliance with the statute of limitations provided by the FELA is a condition precedent to an injured employee's recovery under the Act, * * *."

Thus, the three-year statutory time limit for filing these suits is not a statute of limitations in the usual sense, acting only as a bar to the remedy, but constitutes a condition precedent to any right to bring the action. This is consistent with our construction of the time limit under the Alabama wrongful death statute, Tit. 7, § 123, Code 1940. See Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76.

The instant suit was filed by Borden Strickland, as administrator of the estate of W. W. Jackson, on Monday, March 11, 1968, after Jackson's death on March 12, 1965. The first sentence of the complaint reads as follows:

"Borden Strickland has been duly appointed Administrator of the Estate of William Woodruff Jackson and is now duly acting as such Administrator. Said appointment was made by the Probate Court of Mobile County, Alabama, whereby the said Borden Strickland has been duly appointed as Administrator of said Estate."

The summons and complaint were served on March 26, 1968 and on April 25, 1968, defendant filed a verified plea in abatement containing two grounds, the first being that the defendant had merged with another company and became "Mobile Towing Company" between the time of plaintiff's injuries and the filing of the suit. We do not discuss this ground in the opinion.

The second ground stated:

"2. At the time the complaint herein was filed, March 11, 1968, Borden Strickland was not, in fact, the Administrator of the Estate of William Woodruff Jackson, in that he was not appointed in this capacity until March 13, 1968, as reflected in attached true and correct copy of Court's Order granting him Letters of Administration, Exhibit 'B' hereto. Hence, plaintiff had no such capacity to bring this action."

An exhibit to the plea in abatement was the order granting letters of administra-

tion, dated March 13, 1968. The order began as follows:

"This day came W. Borden Strickland and filed his application in writing and under oath, praying to be appointed administrator of the estate of William Woodruff Jackson, deceased alleging in said petition that he is a citizen of the State of Alabama, over the age of Twenty-one years; that the above named decedent was a non-resident of this state at the time of his death; that said decedent departed this life in this County intestate, on the 12th day of March, 1965, leaving in this state an action for wrongful death and personal property of the value of One Hundred Fifty and No/100 ($150.00) Dollars, and probably not more to the best of petitioner's knowledge, information and belief, * * *"

The order showed that the widow of decedent Jackson had petitioned the court to appoint Strickland as administrator and that he had given a surety bond, and recited further: "* * * which bond with said security has been taken and approved by the Judge of this Court, it is ordered, adjudged and decreed that letters of administration upon the estate of William Woodruff Jackson deceased, do forthwith issue to W. Borden Strickland as is in said application prayed."

This order is in direct conflict with the quoted first sentence of the complaint, and states that Strickland was appointed administrator only on March 13, 1968, a date which would have been too late to file this suit.

The record shows no further action from April 25, 1968 to October 1, 1970, when a demurrer was filed to the plea in abatement. The demurrer was overruled on December 11, 1970. On March 5, 1971, plaintiff filed an answer to the plea in abatement, the pertinent part of which reads:

"9. The Defendant ought not be successful in its plea in abatement for that

Borden Strickland, the Administrator of the estate of William Woodruff Jackson, Deceased, filed the lawsuit in question under the mistaken belief that he had been duly appointed as Administrator when in fact he had not been duly appointed until subsequent to the filing of such lawsuit, and such a subsequent appointment relates back to the commencement of the lawsuit in question."

A hearing on the plea in abatement was set for January 28, 1972, and after a hearing, the plea was sustained. On December 8, 1972, plaintiff's demurrer to the plea in abatement was argued and overruled.

On January 4, 1973, plaintiff amended his complaint by adding the following:

"First. Borden Strickland was duly appointed Administrator of the estate of William Woodruff Jackson on the 13th day of March, 1968, and is now acting as such; that he filed this suit on the 11th day of March, 1968 under the mistaken belief that he had been and was duly appointed Administrator of this said estate at the time of the filing of this said suit. That this suit was filed for the benefit of the estate of William Woodruff Jackson, deceased. As Administrator of this estate, the Plaintiff now adopts and ratifies his action in commencing this suit."

The plea in abatement was refiled on December 13, 1973, and sustained again on January 24, 1974, at which time, the plaintiff's motion for a nonsuit was granted.

At the hearing, administrator Strickland testified that he was a practicing attorney in Mobile County and had been since 1955, and that he filed papers in the Probate Court of Mobile County to be appointed administrator of the estate of W. W. Jackson. Objections were sustained to the following questions:

"All right; and when were those papers filed, please, sir?"

"Mr. Strickland, were you appointed Administrator of the Estate of that individual prior to March 13, 1968?

"And when was it (the petition for letters of administration) filed?"

▇ Judicial records import absolute verity. They cannot be contradicted in collateral proceedings by other evidence. Laird v. Columbia Loan Investment Co., 216 Ala. 619, 114 So. 208, and cases there cited. In Louisville & Nashville Railroad Co. v. Perkins, 152 Ala. 133, 44 So. 602, the defendant tried to prove by parole evidence that the plaintiff had not been appointed administrator of the estate of the decedent under its plea 7. This court said, "* * * after the introduction of the certified copy of the records of the Washington county court, it is clear that the purpose of the plea and the only effect of the proffered testimony directed against the plaintiff's authority was to collaterally assail the order of the appointing court. This cannot, under these circumstances, be done. * * * But it is insisted that the effort is, not to question the validity of the appointment, but to ascertain the true date thereof. A perfect answer to this contention is that, from the face of the record, it appears that the appointment was made at the special February term. It is no more permissible to collaterally impeach orders or judgments in respect of the assured time of their rendition, as shown by them, than any other part of them. Any other rule would render records of courts extremely uncertain and unreliable. * * *"

The cases of Gardner v. Gantt, 19 Ala. 666, and Wood v. Cosby, 76 Ala. 557, held that the distributees, next of kin or the executor could not maintain a suit for distribution until letters of administration had been issued; and in discussing the common law power of an executor, this court, in Pruett v. Pruett, 131 Ala. 578, 32 So. 638, stated that before probate, the executor could do nearly all the acts he could rightfully do after probate "except the institution and prosecution of suits," and for that, letters testamentary were necessary.

In Pearson v. Anthony, 218 Iowa 697, 254 N.W. 10, the court said:

"It is an elementary rule of law that a party plaintiff must have capacity to sue in order to commence and maintain an action. 47 C.J. p. 18, § 15 et seq. This action was commenced by Helen Pearson in the purported capacity of administratrix of the estate of Max Pearson, deceased. The action is so entitled, and the allegations of the petition and amended and substituted petition are that Helen Pearson was such administratrix. It was pleaded early in the progress of the case by the defendant and conclusively established by the record that Helen Pearson was not administratrix. The record establishes without dispute, not only that Helen Pearson was not administratrix of the estate at the time she commenced the suit, but that she was not appointed administratrix until after the statutory period of limitations had expired. The trial established beyond all doubt that Helen Pearson did not have the capacity to sue claimed by her or which was essential to the maintenance of the suit. * * *"

Further in the opinion, after discussing previous Iowa cases, the court stated:

"* * * In the last analysis the question in both cases is whether the acts of the individuals pretending to act as administrators were effective to commence the action and thereby avoid the bar of the statute of limitations. * * * It seems obvious that the acts of each (plaintiffs in the cases discussed) were of no effect because of their lack of capacity to act as plaintiffs in the actions."

▇ In Glenn v. E. I. DuPont De Nemours & Co., 254 S.C. 128, 174 S.E.2d 155 (1970), the decedent died of injuries in 1961. His widow was not administratrix in January, 1967, when she filed suit for the wrongful death of her husband, but she was appointed in December, 1967. The court said, in part:

"The right of action for wrongful death is purely statutory and did not ex-

ist at common law and may be brought only by the executor or administrator of such deceased person. Lilly v. Railroad Co., 32 S.C. 142, 10 S.E. 932. The provision that a wrongful death action shall be brought only in the name of the administrator or executor of the estate of the deceased means the legally appointed administrator or executor of the estate of the deceased person. In this case, an appointment by the Probate Court was necessary to give the administratrix authority to act, and in the absence thereof, she had no legal capacity to institute this wrongful death action. At the time this action was instituted there was in existence no administratrix and no personal representative of the estate of Carl Glenn.

"A civil action may be maintained only in the name of a person in law, an entity, which the law of the forum may recognize as capable of possessing and asserting a right of action. A suit brought in a name which is not a legal entity is a nullity and the action fails. * * *

* * * * * *

"A complaint brought in the name of a plaintiff which is not a legal entity as (sic) a nullity and there is no foundation upon which to base an amendment. * * *

* * * * * *

"If an action for wrongful death is instituted by one other than the personal representative of a decedent, duly appointed by the Probate Court, it should be dismissed. * * *"

At the hearing in the instant case, there was no attempt to show that the letters of administration issued to Strickland were dated any day other than March 13, 1968. When the trial court sustained the objections to the questions propounded to the witness Strickland, quoted supra, counsel for Strickland stated:

"Judge, let me state that the purpose of this line of questioning is to establish that Mr. Strickland was appointed as the Administrator of the Estate of William Woodruff Jackson on March 11—I think it was a Monday—Monday, March 11, 1968, and he was so appointed by the Probate Court, and the mere ministerial act of the Judge signing—that is that that act was performed on that date, and that the mere ministerial act of the Judge signing an order confirming the appointment showing the date as March 13, 1968, is in error, and the purpose of this testimony would be to establish his appointment as such Administrator as of March 11, 1968."

The trial court told counsel that this was a collateral attack, and if a mistake had been made in the probate court, it should be corrected there and not by parole evidence in the circuit court. His statement concluded:

"* * * Certainly that is a collateral attack. Clearly, you are asking this Court to set aside the Order of Judge Moore in Probate Court by parole evidence which is inadmissible. The most Mr. Strickland could testify to would be that he thought he was appointed."

We also note that the record shows that copies of the plea in abatement, which raised the point that Strickland was appointed administrator on March 13 and not on March 11, as alleged in the complaint, were mailed to plaintiff's attorney in Mobile, in Bay Minette, and Savannah, Georgia. Had there actually been a mistake, it could have been corrected in a direct proceeding in probate court while the event was fresh on the minds of the probate court employees and of the administrator. The plaintiff, being an attorney, would probably have noticed a mistake when letters of administration were issued to him, but certainly, he would have been anxious to take steps to correct a mistake, if any, when the point was raised six weeks later. But as already noted, the record shows nothing happening in this case from the date of the filing of the plea in abatement,

April 24, 1968, and the demurrer to the plea on October 1, 1970.

 No reversible error has been presented.

Summarizing, we hold: (1) that official court records cannot be attacked collaterally by parole evidence; (2) that the only admissible evidence of the appointment of the administrator was the probate court record showing it to be on March 13, 1968; (3) that any action purported to have been filed by the administrator prior to March 13, 1968 was a nullity; (4) that being a nullity, there was nothing that any amendment could relate back to; (5) that any suit filed on or after March 13, 1968 for damages for the death of the deceased seaman was barred by the statute of limitations of three years, and (6) that the trial court correctly sustained the plea in abatement to the complaint and to the complaint, as amended.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.