MURDOCK, Justice
(dissenting).
In Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), this Court relied upon Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), in holding as follows:
“In Strickland v. Mobile Towing and Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), a suit was brought under the Jones Act one day prior to the expiration of the three year limitation period. The person bringing the suit was not appointed administrator until two days after the limitation period had expired.
“In examining the Jones Act, 46 U.S.C.A. § 688, this Court found that the three year limitation period was a condition precedent to any right to bring an action. This is consistent with the *1220 construction that has been placed on the limitation period found in the Alabama 'wrongful death statute.
“This Court held that any action by the administrator occurring prior to his appointment was a nullity and therefore there was nothing to which an amendment could relate back.
“In the present case, Johnnie E. Parker [the decedent’s son] filed suit without having been appointed executor or administrator. Since he did not qualify under § 6-5-410[, Ala.Code 1975,] as a personal representative this suit was a nullity. Therefore, the doctrine of relation back, found in Rule 15(c), [Ala. R. Civ. P.], does not apply.”
375 So.2d at 466.
Subsequently, however, in Ogle v. Gordon, 706 So.2d 707 (Ala.1997), this Court overruled Strickland. In so doing, we recognized the age-old, “practically universal” rule that the issuance of letters testamentary relates back to the decedent’s “time of death ” and vindicates acts of the personal representative done in the interim:
“The doctrine of relation back with respect to the powers of a personal representative has been in existence for approximately 500 years,[1] and this Court first recognized it in Blackwell v. Blackwell, 33 Ala. 57 (1858). See also, McAleer v. Cawthon, 215 Ala. 674, 112 So. 251 (1927), and Nance v. Gray, 143 Ala. 234, 38 So. 916 (1905). In McAleer v. Cawthon, this Court stated:
“ ‘[I]t is a rule of practically universal recognition that:
“ ‘ “When letters testamentary or of administration are issued, they relate back so as to vest the property in the representative as of the time of death and validate the acts of the representative done in the interim; but such validation or ratification applies only to acts which might properly have been done by a personal representative, and the estate ought not to be prejudiced by wrongful or injurious acts performed before one’s appointment.” 23 Corp. Jur. 1180, § 400.’
“215 Ala. at 675-76, 112 So. at 251....
[[Image here]]
“In 1993, the Alabama Legislature codified this doctrine by adopting Act No. 93-722, § 2, Ala. Acts 1993, codified at § 43-2-831, Ala.Code 1975. That Act became effective on January 1, 1994. Section 43-2-831, provides:
“‘The duties and powers of a personal representative commence upon appointment. The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occumng prior to appointment the same effect as those occurring thereafter. Prior to appointment, a person named personal representative in a will may carry out written instructions of the decedent relating to the decedent’s body, funeral, and burial arrangements. A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative.’
“(Emphasis added.)
“The defendants cite Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), a case construing federal statutes (and holding that the plaintiff who filed the wrongful death claim was not the personal representative at the time the action was *1221 filed), for the proposition that the doctrine of relation back does not apply in this case, on the basis that the appointment, coming beyond the two-year limitations period, gave the plaintiff no capacity to sue and was a nullity and that, therefore, there is nothing to relate back to. Our decision in Strickland, however, came long before the Legislature’s codification of § 43-2-831. We, therefore, overrule Strickland’s holding regarding the application of the doctrine of relation back, insofar as it is inconsistent with what we hold today ....
706 So.2d at 709-10.
In overruling Strickland, this Court removed the basis for its decision in Downtown Nursing Home. Clearly the opinion of this Court in Ogle applied the relation-back doctrine embodied in § 43-2-831, Ala.Code 1975 (the language of which Alabama adopted from the Uniform Probate Code), to a wrongful-death action.
Nevertheless, the Court went on to state in Ogle “that Strickland correctly points out that under the doctrine of relation back one must have something to relate back to, and we note that in the present case the filing of the original petition is the event to which the appointment would relate back.” 706 So.2d at 710. Thus, instead of making the event for relation-back purposes the decedent’s date of death consistent with the age-old rule (and the statutory text) upon which its decision rested, this Court ultimately made the event for relation-back purposes the date on which the “petition” for letters testamentary was filed. Perhaps it did so merely because in Ogle that date was one and the same as the date on which the wrongful-death action was filed. 706 So.2d at 708.
In any event, I cannot accept this Court’s failure to apply the well settled rule concerning the relation back of a personal representative’s authority to the date of the decedent’s death. In my opinion, we are failing to take proper account of § 43-2-831, Ala.Code 1975, and the judicial precedents it incorporates and that apply it, i.e., Ogle.

"1 J.B.G., Annotation, Relation Back of Letters Testamentary or of Administration, 26 A.L.R. 1359, 1360 (1923).”