117 So.2d 383

## F. L. HARDIN

v.

## Velma SELLERS, as Adm'x, etc.

### 2 Div. 395.

Supreme Court of Alabama.

Jan. 14, 1960.

Rives, Peterson, Pettus & Conway, Birmingham, and Josiah Robins Bonner, Camden, for appellant.

Pitts & Pitts and Cecil C. Jackson, Jr., Selma, and L. Y. Sadler, Jr., Camden, for appellee.

SIMPSON, Justice.

This is an appeal from a jury verdict and a judgment rendered in the Circuit Court of Wilcox County and from the judgment of that court overruling appellant's motion for a new trial. The suit was under the Homicide Act (Tit. 7, § 123, Code 1940) to recover damages for the death of appellee's intestate, James C. Sellers, as a result of a collision between an automobile driven by Sellers and an automobile driven by the appellant at the intersection of Alabama Highway No. 28 and Alabama Highway No. 5 in Wilcox County. Appellee's complaint as amended contained three counts, two in simple negligence and one in wantonness. The defendant filed written pleas of not guilty, the general issue and contributory negligence. The jury awarded the appellee a verdict in the amount of $22,500 against the appellant and judgment was entered accordingly. Appellant's motion for a new trial was overruled.

The primary matter argued by appellant as error impresses us as most meritorious, and since a reversal is necessary, we will only discuss this one point.

The administratrix who sued was the widow of James C. Sellers. In his final appeal to the jury the attorney for the appellee thus argued:

"Mr. Pitts: She is standing before you all, asking you all, asking each one of you to do nothing but what is fair and just, and fair to her. She is asking you to compensate her for the death of her husband.

"Mr. Wynn [attorney for defendant]: Your Honor, compensatory damages are not allowed in a death case. I think that is improper argument. I ask the Court to rule, for counsel is asking for compensatory damages in a death case.

"The Court: I overrule.

"Mr. Wynn: We except."

It appears that the learned trial court either misconceived the measure of damages in such cases or inadvertently overlooked the principle to the effect that damages recoverable under the Homicide Statute are punitive, as distinguished from actual or compensatory damages. Tit. 7, § 123, Code of Alabama, 1940; Bell v. Riley Bus Lines, 257 Ala. 120, 57 So.2d 612; Day v. Downey, 256 Ala. 587, 56 So.2d 656; Gulf, Mobile & Ohio R. Co. v. Williams, 251 Ala. 516, 38 So.2d 334; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725; Hamp-

ton v. Roberson, 231 Ala. 55, 163 So. 644; Southern Railway Company v. Sherrill, 232 Ala. 184, 167 So. 731; Heath v. United States, D.C., 85 F.Supp. 196; Jack Cole, Inc. v. Walker, 240 Ala. 683, 200 So. 768.

■ In an action under Wrongful Death Statute, the court should sustain objection to argument of counsel for plaintiff asking the jury to award plaintiff, the administratrix, damages to compensate her for the death of her husband. Tit. 7, § 123, Code of Alabama, 1940; Gulf, Mobile & Ohio R. Co. v. Williams, supra; Richmond & Danville R. Co. v. Freeman, 97 Ala. 289, 11 So. 800; Louisville & N. R. Co. v. Perkins, 1 Ala.App. 376, 56 So. 105.

■ While it might have been purely unintentional on the part of counsel to make a plea for sympathy for the widow by the above quoted argument, yet it could clearly be so construed, by asking the jury to "compensate her [the widow] for the death of her husband". This construction is fortified by the following appearing in the general oral charge of the court:

"Now, gentlemen, we come to the question of damages. The damages in this case must come within the limits set out in the complaint and cannot be in any sum in excess of the sum set out in the complaint. The law does not set any norm or standard or criterion for you gentlemen to arrive at any sum; but the sum that you do arrive at, if you should arrive at any sum, it is one addressed to your good judgment and within your discretion. If you should find for the plaintiff under the wanton count of the complaint, it would not be damages which would be compensatory, but it would be awarded in the way of punitive damages. Punitive means by way of punishment, as a means to prevent or stop other persons from doing acts of a like nature, by way of punishment.

"Now, gentlemen, punitive or exemplary damages cannot be proven in dollars and cents; and, there again, it is a matter addressed to your good judgment and sound discretion."

It would seem from this excerpt from the court's oral charge that he was, at least, implying that compensatory damages might be awarded under the negligence counts, but that under the wanton count the jury could not award "damages which would be compensatory but would be awarded in the way of punitive damages".

In evaluating the amount of injury such an argument might have on the defendant's case, our recent cases have said that the test to be applied in determining whether the verdict and judgment should be reversed because of improper argument of counsel, is not whether it did wrongfully influence the verdict, but whether it might have done so. Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115; McLemore v. International Union, 264 Ala. 538, 88 So.2d 170; City of Montgomery v. Quinn, 246 Ala. 154, 19 So.2d 529; Roan v. State, 225 Ala. 428, 143 So. 454.

We are mindful of the cases which hold that the damages which are recoverable under the Homicide Statute are payable to the estate of the party slain, but as stated in Richmond & Danville R. Co. v. Freeman, supra [97 Ala. 289, 11 So. 801], in speaking of the statute:

"* * * the court did not reach its conclusion as to the nature of the damages recoverable from any conviction that the defendants were guilty of such 'gross negligence,' as that term has come to be understood in our books, as amounted to willfulness, wantonness, or the like, is, we think, clear, from the language employed. The conception of a recovery of damages as a pecuniary mulct, a punishment of the wrong doer, as a retribution for the wrong, and a determent of its repetition, is the leading, indeed the sole, idea upon

which the conclusion was reached. Compensation is referred to only as a fortuitous result of the imposition of the punishment; a thing which ensued not because of any intent of the law makers that it should ensue, and not because a predicate for it was necessary to the assessment of damages, or exerted any influence in the determining the amount of the verdict, but only because, the damages having been assessed alone upon a consideration of the culpability of the defendant's act or omission, wholly regardless of the actual loss or injury suffered thereby, they constituted a fund which the statute distributed to the next of kin of the deceased, and this, whether or not his next of kin would have been at all benefited by his continued life, or were to any extent damnified by his untimely death."

See also South & North Alabama Railroad Co. v. Sullivan, 59 Ala. 272; Savannah & Memphis Railroad Co. v. Shearer, 58 Ala. 672.

Indeed, the recovery does not go to the wife or the husband, but to the estate of the decedent as stated in South & North Alabama Railroad Co. v. Sullivan, supra, 59 Ala. at page 279:

"To whom does the compensation go? Not to the husband, wife or child. The statute contains no provision that the recovery shall go to these. It shall be 'distributed as personal property of an intestate is now distributed.' That is, it goes to the estate of the decedent, with the limitation, that the fund 'shall not be subject to the payment of the debts of the deceased'."

In view of the long established law on the question, we are constrained to order a reversal of the cause.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.