Josiah Robins **BONNER**, as Administrator of the Estate of Charlene B. Williams, Deceased, Appellant,

v.

Robert H. **WILLIAMS**, Appellee.

No. 22790.

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1966.

Rehearing Denied Feb. 3, 1967.

Albert W. Copeland, Godbold, Hobbs & Copeland, Montgomery, Ala., for appellant.

Harry Cole, Ball & Ball, Montgomery, Ala., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY and GOLDBERG, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant, administrator of the estate of Charlene B. Williams, instituted this wrongful death action [1] against appellee, the husband of the deceased, and the Louisville & Nashville Railroad Company. Mrs. Williams met her death as the result of a collision near Pine Apple, Alabama, involving a train operated by the Railroad Company and an automobile operated by appellee in which Mrs. Williams was a passenger. There were allegations in the complaint that both appellee and the Railroad Company were negligent. The district court entered an order without an opinion dismissing appellant's claim against appellee for failure to state a cause of action on which relief could be granted.[2] A careful review of applicable Alabama law, which governs this diversity action, convinces us that the district court erred.

In substance, the instant appeal presents the single issue whether under the law of Alabama the personal representative of a married woman can maintain an action for wrongful death against her husband when it is alleged in the complaint that the negligent conduct of the husband was a proximate cause of the wife's death. Since the courts of Alabama have not as yet been afforded the opportunity of resolving this specific issue, we are once again called upon to perform the pretentious task of anticipating the result most likely to be reached by a court of that state if presented with the same question. The Alabama wrong-

---

1. Pursuant to Ala.Code tit. 7, § 123 (1960).

2. Since the liability asserted against the appellee and the Railroad Company is joint and several, appellant has taken the instant appeal against the appellee only. Appellant's rights as against the Railroad Company were not adjudicated below and are not before us on this appeal.

ful death statute[3] creates a cause of action to be prosecuted in the name of the personal representative of one whose death results from the wrongful act, omission, or negligence of the defendant. The action must be such as the deceased could have maintained if death had not resulted, and any recovery is to be distributed among the distributees of the estate of the deceased according to the statute of distribution.[4] Significantly, the Alabama courts have consistently adhered to the unique theory that the statute is essentially punitive rather than compensatory in nature.[5] The measure of recovery is therefore dependent upon the quality of the wrongful act and the degree of culpability involved. Damages are not by way of compensation for life taken, and pecuniary loss and mental suffering are not to be considered. Alabama Power Co. v. Irwin, 1954, 260 Ala. 673, 72 So.2d 300; Gulf, M. & O. R.R. v. Williams, 1949, 251 Ala. 516, 38 So.2d 334; Kennedy v. Davis, 1911, 171 Ala. 609, 55 So. 104. In South & N.A.R.R. v. Sullivan, 1877, 59 Ala. 272, the Alabama Supreme Court declared that

> [T]he purpose and result of the suit * * * [provided by the statute] were not a mere solatium to the wounded feelings of the surviving relations, nor compensation for the lost earnings of the slain. We think the statute has

a wider aim and scope. It is punitive in its purposes. Punitive of the person or corporation by which the wrong is done, to stimulate diligence and to check violence, in order thereby to give greater security to human life; "to prevent homicides." And it is none the less punitive because of the direction the statute gives to the damages recovered. The damages, 'tis true, go to the estate of the party slain, and, in effect, are compensatory; but this does not change the great purpose of the statute—"to prevent homicides." Preservation of life—prevention of its destruction by the wrongful acts or omission of another,—is the subject of the statute; and all its provisions are but machinery for carrying it into effect.

Accord, Breed v. Atlanta, B. & C.R.R., 1941, 241 Ala. 640, 4 So.2d 315.

▮ The statute thus creates an entirely new and distinct cause of action vested in the personal representative alone, who, in bringing the suit, acts as an agent of legislative appointment for the effectuation of a declared public policy—the prevention of wrongful deaths. Hatas v. Partin, 1965, 278 Ala. 65, 175 So.2d 759; Bell v. Riley Bus Lines, 1952, 257 Ala. 120, 57 So.2d 612; Holt v. Stollenwerck, 1911, 174 Ala. 213, 56 So. 912. The rights and duties of the per-

3. "A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate." Ala.Code tit. 7, § 123 (1960).

4. In the instant controversy, the decedent was survived by her husband, the appellee, and three minor children. According to the applicable statutes governing distribution, appellee, as the husband of the decedent, would be entitled to one-half of any amount recovered, the remaining one-half passing to the children. Ala. Code tit. 16, §§ 1, 10, 12 (1960).

5. Massachusetts is the only other state which views its wrongful death statute as penal in nature. Prosser, Torts § 121, at 925 (3d Ed. 1964).

sonal representative are limited, however, to maintenance of the suit, collection of the damages, and distribution of the proceeds to the statutory distributees. "He is a mere agency and conduit, provided by the statute for bringing the suit, collecting the damages, and passing them over to those entitled thereto." Kennedy v. Davis, 1911, 171 Ala. 609, 55 So. 104, 105; accord, Irwin v. Alabama Fuel & Iron Co., 1926, 215 Ala. 328, 110 So. 566; Board of Trustees of University of Alabama v. Harrell, Ala.Ct.App.1965, 188 So.2d 555.

■ At the outset, appellee concedes that had the decedent survived, she could have maintained an action against her husband to recover for the injuries sustained as a result of his alleged negligence.[6] It would thus appear that the wife's personal representative should be entitled to bring the instant action against the husband under the wrongful death statute. Appellee urges, however, that the effect of permitting such action in this case would be to allow recovery to parties who are not legally entitled to sue or recover in their own right under Alabama law. Emphasizing that he, as the husband of the deceased, and the three minor children constitute the sole distributees under the act, appellee contends that to allow the instant action by the wife's personal representative (1) would subvert the punitive purpose of the statute by allowing appellee, as a distributee, to profit from his own alleged negligence, and (2) would also violate the settled principle of Alabama law that an unemancipated minor cannot maintain a suit against his parent. In substance, therefore, appellee argues that the personal representative, who is "no more than an agent for the beneficiaries to prosecute the suit," should be subject to any defenses which would be available against the distributees if they were suing in their own right.

■ We are of the opinion that such contentions are not sufficient to justify a dismissal of the instant suit. To make the right to maintain the action dependent upon the character of the distributees is to openly disregard the primary purpose of the act as pronounced by the courts of Alabama—that of deterring wrongful or negligent conduct. If, as alleged in the complaint, the negligence of the appellee contributed to the wrongful death of his wife, the act designates her personal representative as an agent of legislative appointment to effectuate the punitive policy of the act. Where, as here, the identity of the distributees under the statutes of distribution may serve to frustrate the declared punitive purpose of the act, we are convinced that the sounder approach is not to disallow maintenance of the suit entirely, but rather to arrive at an equitable readjustment of the distribution of damages in conformity with the spirit of the act. Adopting this approach, we conclude that if ultimately found to have been negligent, appellee should be precluded from sharing in the distribution of any proceeds which may be recovered by the personal representative. Although the act unqualifiedly provides that the damages recovered "must be distributed according to the statute of distributions," we are convinced that the Alabama courts would recognize an exception to such language if necessary to avoid frustration of the purpose of the act. In Weaver v. Hollis, 1945, 247 Ala. 57, 22 So.2d 525, the Alabama Supreme Court was presented with the issue whether a husband who had feloniously killed his wife should be allowed to share in her estate under the statutes of descent and distribution. The applicable statute governing intestate succession, as does the wrongful death statute before us, provided no express exception or limitation upon the scheme of distribution. The court nevertheless ruled that the provision should be interpreted reasonably in light of the common-

6. The common-law concept of interspousal immunity has been abolished in Alabama. See Penton v. Penton, 1931, 223 Ala. 282, 135 So. 481 (construing Ala.Code tit. 34, § 72).

law principle that no person should be allowed to take advantage of his own wrong, and concluded that removing the husband from the chain of distribution under such circumstances would subserve rather than defeat the obvious intent of the statute. Such reasoning is even more forceful when applied to the act before us, the primary object of which is to discourage the commission of wrongful acts resulting in death.

 The rights of appellee's three minor children to share in the distribution rest in a different light. Clearly, their right to share cannot be challenged on the theory that their participation in the damages recovered would have the effect of permitting them to profit from their own wrongful act. Neither does the fact that Alabama law prohibits the personal representative of a minor from maintaining a wrongful death action against its parent dictate against their recovery in this controversy. That prohibition was initially established in Owens v. Auto Mut. Indem. Co., 1937, 235 Ala. 9, 177 So. 133, and rested upon the theory that Alabama law continues to recognize the common-law rule of the disability of a minor to sue a parent for personal injuries inflicted upon the minor by the parent. In the case before us, however, the personal representative of the *wife*, not of the children, is attempting to prosecute an action arising from a tort committed upon the *wife*, not upon the children. Clearly, the wife would have been under no disability to maintain an action against appellee had she survived, see Penton v. Penton, supra, and simply because appellee's minor children happen to be in the position of distributees under the statute does not thereby convert the cause of action instituted by the wife's personal representative into an action by the children.

Accordingly, if on subsequent trial of this case it is determined that appellee was negligent and that such negligence proximately caused the death of his wife, the entire amount of any damages which may be recovered should be distributed solely among the three minor children, appellee being precluded by his own wrongful conduct from sharing as a distributee under the statute.

Reversed and remanded.