The plaintiff, Fray Carter, Jr., a resident of Winston County, appeals from an order of the Winston County Circuit Court dissolving a preliminary injunction that had restrained the City of Haleyville from conveying or leasing the city landfill.
 Background
From 1981 to October 1993, the City of Haleyville operated a landfill, located on 99 acres, for which the Alabama Department of Environmental Management ("ADEM") had issued a permit; that landfill received municipal and inert waste from the City of Haleyville, Winston County, and much of Marion County. The City of Haleyville operated the landfill as a party to the Winston County Ten-Year Solid Waste Management Plan.
In the spring of 1993, the City of Haleyville, facing closure of its landfill under new EPA regulations,[1] entered into a contract to sell the Haleyville landfill to Solomon of Nu, Inc., a Kentucky corporation, so that that company could develop a "Subtitle D" landfill. Carter sued on March 2, 1993, seeking a temporary restraining order and a preliminary injunction prohibiting the City of Haleyville from proceeding with the sale of the landfill. In his complaint for equitable relief, Carter argued that in negotiating with Solomon of Nu, the City of Haleyville had failed to provide the public a notice, and an opportunity for a hearing, concerning the sale of the landfill, and that that failure denied him and the public due process. Following a hearing on the preliminary injunction, the trial court entered a preliminary injunction on March 12, 1993.
On June 8, 1993, Carter filed Count Two of his complaint, alleging that the City had failed to comply with zoning requirements for the Haleyville landfill. After a hearing, the trial court issued a preliminary injunction restraining the City from conveying or contracting to convey the landfill property until zoning regulations were properly complied with.
On August 3, 1993, Carter filed Count Three of his complaint, stating that, among other things, the City had attempted to transfer the landfill property in violation of Ala. Code 1975, § 22-27-48, and in violation of the Winston County Ten-Year Solid Waste Management Plan. Following another hearing, the trial court, on August 19, 1993, issued a preliminary injunction enjoining the City from conveying or leasing the Haleyville landfill, pending further orders of the court. The circuit court stated that the City had failed to comply with the Winston County Ten-Year Solid Waste Management Plan, in which it was a participant. This August 19, 1993, injunction creates the subject matter for this appeal.
In September 14, 1993, the ADEM issued a "Notice of Violation," citing violations of state law and ADEM regulations at the Haleyville landfill. The violations included the failure of the City to comply with its permits by allowing waste at the landfill to be left uncovered and by allowing the emanation of leachate in the southern portion of the landfill. The notice also required the City to respond to these violations within 10 days. *Page 814 
The City then declared a state of emergency and, under "Resolution 1100," authorized Haleyville Mayor Larry Gilliland to enter into contracts or leases necessary to correct the violations and to bring the landfill into compliance with ADEM violations.
The Haleyville City Council then elected to "opt out" of the Winston County Ten-Year Solid Waste Management Plan and develop the "City of Haleyville Solid Waste Management Plan." The City then made a proposal ("the Proposal"), under the new City of Haleyville Solid Waste Management Plan, that the City would convey the landfill property and the solid waste disposal permit from the City to the newly created "Haleyville Solid Waste Disposal Authority." The Authority would then regulate and administer solid waste disposal for the City of Haleyville. In addition, the Proposal provided for the Authority to develop and submit a closure plan for the City of Haleyville sanitary landfill, to operate the existing inert landfill, and to construct an additional inert landfill area. The Proposal also provided that the Authority would develop and operate a 1500-tons-per-day Subtitle D municipal solid waste landfill facility on, or adjacent to, the landfill site and would expand the service area to include all counties in the State of Alabama.
In connection with this Proposal, on September 27, 1993, the City signed a letter of intent ("the letter of intent") with Peerless Landfill Company, Inc., a Florida corporation, for Peerless to close the existing landfill and development and to construct and operate a "Subtitle D" municipal solid waste landfill facility.
On September 29, 1993, the City entered into a lease agreement with Peerless for the purpose of remedying the violations at the landfill and for Peerless to perform the functions under the City of Haleyville Waste Management Plan.
On November 17, 1993, the City of Haleyville gave notice in the Northwest Alabamian[2] of a public hearing scheduled to be held on December 21, 1993, for the purpose of accepting public comment on the City of Haleyville Solid Waste Management Plan and considering the Proposal under that plan.
The first part of the notice described the City's decision to opt out of the Winston County Ten-Year Solid Waste Management Plan and to establish its own solid waste management plan:
 "The Haleyville City Council has chosen to amend its local solid waste management plan by opting out of the Winston County Solid Waste Management Plan and submitting its own Solid Waste Management Plan intended for implementation within the Haleyville City Limits. The proposed City of Haleyville Solid Waste Management Plan is available for public review at the Haleyville City Hall. Interested persons are invited to present data, views and arguments on the proposed City of Haleyville Solid Waste Management Plan, in writing, at City Hall during a public comment period beginning November 17, 1993, and ending December 23, 1993. The public will also be afforded the opportunity to comment on the City of Haleyville Solid Waste Management Plan during a public hearing held on Tuesday, December 21, 1993, at 6:00 p.m. at the Haleyville High School cafeteria. Anyone needing additional information or interested in reviewing or purchasing copies of the proposed plan should contact Mr. Toby Yarbrough, Industrial Coordinator/Administrator, City of Haleyville, 1901 11th Avenue, Haleyville, Alabama 35565, telephone 205-486-3121."
The second part of the notice concerned the Proposal under the new City of Haleyville Solid Waste Disposal Plan:
 "The City of Haleyville is also considering approval, as the local governing body, of a proposal by the Haleyville Solid Waste Disposal Authority that the Haleyville Landfill property and the Solid Waste Disposal Facility permit be transferred to the Authority and the Authority be empowered to perform the following: 1) develop and submit a closure plan for the City of *Page 815 
Haleyville Sanitary Landfill and perform the actual closure of that landfill in according [sic] with the closure plan as approved by ADEM; 2) operate the existing inert landfill and permit and construct an additional inert landfill area; 3) permit a 1500 tons per day Subtitle D municipal Solid Waste landfill facility on or adjacent to the landfill site; 4) expand the landfill's service area to include all counties in the State of Alabama; 5) upon receipt of the necessary Subtitle D Municipal Solid Waste Landfill Permits, construct and operate the Subtitle D landfill; 6) operate the facility along with any associated recycling and/or material recovery activity; and 7) close and perform post-closure care of the solid waste disposal facility.
 "The City of Haleyville has determined that the aforesaid proposal is relative to and consistent with the draft City of Haleyville Solid Waste Management Plan and invites interested persons to comment on the aforesaid proposal, in writing, at City Hall during a public comment period beginning November 17, 1993, and ending December 23, 1993. The public will also be afforded the opportunity to comment on the aforesaid proposal during the public hearing held on Tuesday, December 21, 1993, at 6:00 p.m. at the Haleyville High School cafeteria. Anyone needing additional information or copies of the proposed plan should contact Mr. Toby Yarbrough, Industrial Coordinator/Administrator, City of Haleyville, 1901 11th Avenue, Haleyville, Alabama 35565, telephone 205-486-3121."
On December 21, 1993, a public hearing was held on the plan and the Proposal. Following this hearing, and after the comment period, the City of Haleyville Solid Waste Disposal Plan was submitted by the City of Haleyville to the Alabama Department of Environmental Management ("ADEM"). On March 18, 1994, ADEM approved the City of Haleyville Solid Waste Disposal Plan. The plan, as approved, would have allowed the City to immediately convey the landfill property to the Authority so that the Authority could implement the plan.
On May 11, 1994, the City of Haleyville moved to dissolve the August 19, 1993, preliminary injunction. The Circuit Court, after a July 7, 1994, hearing, dissolved the August 19, 1993, preliminary injunction, reasoning that, because the City had opted out of the Winston County Ten-Year Solid Waste Management Plan and because the City had submitted and received approval of its own plan, there was no longer any basis for the preliminary injunction. Carter appealed.
On appeal, Carter contends that the City could not hold the public hearing on the Proposal until the City had its own solid waste management plan, which it did not receive until March 1994, and he contends that the November 17, 1993, notice in theNorthwest Alabamian was insufficient.
 Analysis
Generally, when evidence is presented to a trial court sitting without a jury, the court's findings will be presumed correct and will not be disturbed on appeal except for a plain and palpable error. Griggs v. Driftwood Landing, Inc.,620 So.2d 582 (Ala. 1993); First National Bank of Mobile v.Duckworth, 502 So.2d 709 (Ala. 1987). However, where the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, this presumption of correctness does not apply.Beavers v. County of Walker, 645 So.2d 1365 (Ala. 1994). Because the underlying facts of this case are essentially not in dispute, and this appeal focuses on the application of the law to the facts, there is no presumption of correction accorded to the trial court's ruling. Therefore, we review denovo the application of the law to the facts of this case.Beavers, supra; Lake Forest Property Owners Ass'n v. Smith,571 So.2d 1047 (Ala. 1990).
Carter does not dispute the authority of the City to approve and submit its solid waste plan; rather, he challenges the City's authority to approve a proposal under that plan. Carter argues that under § 22-27-48(a) a municipality may not approve a proposal unless its waste management plan has already obtained final approval. Thus, he says, the City did not have the authority to *Page 816 
approve a proposal for solid waste disposal services until March 18, 1994, when ADEM gave final approval to the City of Haleyville Solid Waste Disposal Plan.
Under § 22-27-47(a), "any municipality may choose to submit its own solid waste management plan intended for implementation within its city limits and thereby be excluded from its countyplan" (emphasis added). Section 22-27-48(a) states:
 "In addition to any regulatory bodies, the governing body of a county or municipality has a responsibility for and the authority to assure the proper management of solid wastes generated within its jurisdiction in accord with its solid waste management plan."
(Emphasis added.)
After a careful examination of the Solid Wastes Disposal Act, codified at § 22-27-1 et seq, we conclude that after the City of Haleyville opted out of the Winston County Ten-Year Solid Waste Management Plan, the Proposal regarding services described in the "solid waste management plan" would have been a proposal under the City of Haleyville Solid Waste Disposal Plan and not a proposal under the Winston County plan. In addition, we find nothing in § 22-27-47 or § 22-27-48 that requires that the City of Haleyville Solid Waste Management Plan be final before the Proposal under it could be considered, nor does Carter state how this sequence of events has prejudiced his rights.
Next, Carter argues that the City failed to provide him sufficient notice of the Proposal. He says this failure violates § 22-27-48(a) and the due process provisions of Article I, §§ 6 and 13, of the Alabama Constitution of 1901.
Section 22-27-48(a) requires that the local governing body provide, at a minimum, at least one public hearing on any proposal regarding services described in the solid waste management plan and provides specific procedural requirements for disseminating notice of such a public hearing. Section 22-27-48(a) states, in pertinent part:
 "Any determination by the local governing body of the proposed issuance of or modification of a permit for a new or existing solid waste management site or the proposal to contract for any services described in the solid waste management plan, shall be made in a public meeting only after public notice of such application or proposal and an opportunity for public comment is provided.
 "In providing public notice of any application or proposal regarding any services described in the solid waste management plan, the local government shall at a minimum hold at least one public hearing thereon, notice of the time and place of which shall be given by one publication in a newspaper of general circulation in the municipality and in the official gazette, if any, of the jurisdiction. Furthermore, such notice shall be given at least 30 days but not more than 45 days prior to the proposed date of said hearing. Each notice published in compliance with this section shall contain at a minimum a description of the proposed action to be considered, its relevance to and consistency with the local solid waste management plan and shall identify a contact person from whom interested persons can obtain additional information and can review copies of both the local plan and the application or proposal to be considered."
This Court has stated that the Constitution of the United States and the Constitution of the State of Alabama require that notice and a hearing be afforded to the affected citizenry before a contract can be awarded to a private corporation by a governing body under the provisions of the Solid Wastes Disposal Act. Ex parte Lauderdale County, 565 So.2d 623 (Ala. 1990); Brown's Ferry Waste Disposal Center, Inc. v. Trent,611 So.2d 226 (Ala. 1992).
Carter asserts that the November 17, 1993, notice was insufficient in a number of respects. First, Carter asserts that the notice was insufficient because, he says, it should have stated that the Proposal was consistent with the Winston County Ten-Year Solid Waste Management Plan and because the notice failed to state that members of the public could obtain copies of the Winston County Ten-Year Solid Waste Management *Page 817 
Plan. Because those arguments are based on Carter's argument that the Winston County Ten-Year Solid Waste Management Plan governed the approval of the Proposal under the City plan, and we conclude that the City was no longer under the Winston County plan, we find those arguments to be without merit.
Next, Carter argues that the notice was insufficient because it did not state that members of the public could obtain copies of the Proposal. We disagree. The November 17, 1993, notice identified Toby Yarbrough as the "contact person" from whom members of the public could obtain "additional information" on the proposal. Further, Mayor Gilliland, City Clerk Toby Yarbrough, and Assistant City Clerk Debra Hood testified that copies of the Proposal were available to the public at the city hall during the comment period.
Carter's remaining argument is that the November 17, 1993, notice did not refer to Peerless and its proposed role in operating and managing the City landfill.
The record shows, however, that Carter had sufficient notice of Peerless's involvement in the City landfill to protect his rights under the Solid Wastes Disposal Act and the Constitution
of the State of Alabama. Carter and his attorney received a copy of the "letter of intent" between the City and Peerless in October 1993, almost two months before the December 21, 1993, hearing on the proposal. While the letter of intent did not include all the terms of the Proposal discussed at the December 21, 1993, hearing and finally approved by the City, we hold that it was reasonably adequate notice of the proposed action by the City of Haleyville.
We also note that at the public hearing held on December 21, 1993, Carter was present and had an opportunity to voice his opinion on the Proposal. Carter's attorney spoke for an hour and 13 minutes about the Proposal and objected to Peerless's involvement with the plan and objected to what was in the proposed contract between the City and Peerless.
"[P]rocedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one's life, liberty, or property interests are about to be affected by governmental action."Trent, 611 So.2d at 228. We hold that Carter was afforded sufficient notice and a sufficient opportunity to be heard and, therefore, that he was not denied due process under theConstitution of the State of Alabama of 1901 or under the Solid Wastes Disposal Act. The order dissolving the preliminary injunction is affirmed.
AFFIRMED.
MADDOX, KENNEDY, INGRAM, and COOK, JJ., concur.
[1] Subtitle D of the Federal Resource Conservation and Recovery Act ordered the Environmental Protection Agency to promulgate regulations governing the management of solid waste. SeeCriteria for Municipal Solid Waste Landfills,40 C.F.R. § 258.40 (1994).
[2] The Northwest Alabamian is the local newspaper for the City of Haleyville and Winston County.