47 So.3d 1212 (2010)
Charles A. WOOD, M.D., et al.
v.
Ann WAYMAN, surviving spouse of Charles R. Wayman, deceased.
No. 1070232.
Supreme Court of Alabama.
May 7, 2010.
*1213 Michael K. Wright and Jackie H. Trimm of Starnes & Atchison LLP, Birmingham, for appellants Charles Wood, M.D., and Ozark Internal Medicine and Pediatrics, P.C., for appellants.
E. Hamilton Wilson, Jr., of Ball, Ball, Matthews & Novak, PA, Montgomery, for appellant David Claassen, M.D.
David Randolph Smith of Law Offices of David Randolph Smith & Edmund J. Schmidt III, Nashville, Tennessee; and William C. Maddox, Dothan, for appellee.
PARKER, Justice.
Pursuant to Rule 5, Ala. R.App. P., this Court granted a petition for permission to appeal filed by Charles A. Wood, M.D., Ozark Internal Medicine and Pediatrics, P.C. ("Ozark"), and David Claassen, M.D. (hereinafter referred to collectively as "the physicians"), the defendants in a medical-malpractice wrongful-death action filed by Ann Wayman ("Wayman"), the surviving spouse of Charles R. Wayman, deceased, whom Charles named as his personal representative in his will. The petition asks us to review the order of the trial court holding that when a person dies testate and the person named as personal representative in the will files a wrongful-death action within the statutory limitations period, but is not formally appointed as personal representative until after the statutory limitations period has run, "the appointment relates back to the death or [the] date of filing the suit and the suit is not barred by the Statute of Limitations." Trial court's order of October 12, 2007.
The specific question before this Court is stated in the order of the trial court certifying for permissive appeal its interlocutory order denying the physicians' motion to dismiss or, in the alternative, for a summary judgment, as follows:
"The controlling question of law is whether [Wayman's] appointment as personal representative of the estate of Charles Wayman, accomplished after the statute of limitations for a wrongful death medical malpractice claim expired, can relate back to the filing of this lawsuit pursuant to Alabama Code § 43-2-831 and Ogle v. Gordon, 706 So.2d 707 (Ala.1997), or whether the Wrongful Death Statute and Downtown Nursing [Home, Inc.] v. Poole[Pool], 375 So.2d 465 (Ala.1979), dictate reversal."

Background
Charles Wayman died on December 30, 2004, while under the care of the physicians. He left a will in which he named Wayman as his personal representative.
On December 27, 2006, Wayman filed a wrongful-death action in the Dale Circuit Court alleging that Charles's death had resulted from complications of an undiagnosed case of Rocky Mountain spotted fever. On January 19, 2007, Dr. Wood and Ozark moved the trial court to dismiss the action on the basis that the complaint failed to state a claim on which relief could be granted. Dr. Claassen filed an answer in which he denied liability and also moved the trial court to dismiss the action. Dr. Wood and Ozark also filed an answer after *1214 the trial court on April 24, 2007, denied their motion to dismiss.
The physicians sought discovery from Wayman on issues that included copies of her letters of appointment as personal representative of Charles's estate. When the letters were not provided, the physicians requested the Dale Probate Court to advise them if such an estate existed. The probate court responded on August 17, 2007, stating that there was "no estate on a Charles R. Wayman." On September 6, 2007, the physicians filed a motion to dismiss or, in the alternative, for a summary judgment.[1]
In their motion, the physicians argued that under § 6-5-410, Ala.Code 1975, only a personal representative of the estate of a decedent may pursue a wrongful-death action. The "Wrongful Death Statute," § 6-5-410, Ala.Code 1975, provides, in part:
"(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.
". . . .
"(c) The damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions.
"(d) Such action must be commenced within two years from and after the death of the testator or intestate."
The physicians argued that under the rule established in Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), no one but the personal representative can maintain a wrongful-death action and that any action by an administrator that occurred before a personal representative's formal appointment is a nullity. Because the action is a nullity, they argue, the doctrine of relation back cannot apply when the statute of limitations has expired before the formal appointment because there is no action to which the appointment could relate back.
On September 27, 2007, Wayman moved the trial court to deny the physicians' motions "by permitting an amendment [to the complaint] to substitute [Wayman] as personal representative of her deceased husband's estate as party-plaintiff." She presented letters testamentary issued by the Barbour Probate Court[2] on September 27, 2007, as Exhibit A to her motion. She argued that under Ogle v. Gordon, 706 So.2d 707 (Ala.1997), and § 43-2-831, Ala. Code 1975, the amendment substituting Wayman as personal representative is proper and relates back to the filing date of the original complaint. Wayman argued *1215 that in Ogle this Court expressly overruled Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), upon which, Wayman argues, Downtown Nursing Home relied, thereby effectively overruling Downtown Nursing Home. Strickland had held that the doctrine of relation back did not apply in a wrongful-death action because at the time the action was filed the plaintiff had not been appointed as personal representative and had no capacity to sue, rendering the wrongful-death action a nullity so that there was nothing to which the amendment substituting the personal representative to the complaint, filed after the statute of limitations had expired, could relate back.
On September 28, 2007, the physicians filed their response to Wayman's motion. They argued that Wayman had misinterpreted the law when she argued that Downtown Nursing Home was no longer good law, because, they argued, the holding in Downtown Nursing Home has been confirmed in several opinions when the letters testamentary were issued after the statutory two-year period had run.
On October 12, 2007, the trial court denied the physicians' motion to dismiss or, in the alternative, for a summary judgment and subsequently certified the question presented above in response to the physicians' motion for the certification of the order for a permissive appeal.

Analysis
"Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. Carter v. City of Haleyville, 669 So.2d 812, 815 (Ala.1995). Here, in reviewing the denial of a summary judgment when the facts are undisputed, we review de novo the trial court's interpretation of statutory language and our previous caselaw on a controlling question of law."
Continental Nat'l Indem. Co. v. Fields, 926 So.2d 1033, 1035 (Ala.2005).
In its order denying the physicians' motion to dismiss or, in the alternative, for a summary judgment, the trial court adopted Wayman's argument, stating, in part:
"[W]hen a person dies after January 1, 1994,[3] and the person named in the will as personal representative files a suit within 2 years or within the Statute of Limitations for wrongful death and the person named is formally appointed personal representative by the Probate Court after the Statute of Limitations has run, the appointment relates back to the death or [the] date of filing the suit and the suit is not barred by the Statute of Limitations. The filing of the suit in the name of the personal representative within the Statute of Limitations tolls the statute. Ogle v. Gordon, 706 So.2d 707 (Ala.1997). Section 43-2-831 Code of Alabama, 1975 (January 1, 1994)."
Section 43-2-831, Ala.Code 1975, provides:
"The duties and powers of a personal representative commence upon appointment. The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. Prior to appointment, *1216 a person named personal representative in a will may carry out written instructions of the decedent relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative."
(Emphasis added.) Thus, under § 43-2-831, a person named personal representative in a will may perform certain acts that are beneficial to the estate before his or her appointment by a probate court. The subsequent appointment of the person as the decedent's personal representative will relate back to provide authority for such acts.
It has been held that a wrongful-death action is not filed for the benefit of the estate, because the personal representative who brings such an action does not represent the estate.
"[I]n the context of a wrongful-death action, a `personal representative' acts `as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages.' Steele v. Steele, 623 So.2d 1140, 1141 (Ala.1993). See also Bonner v. Williams, 370 F.2d 301, 303-04 (5th Cir.1966) (`The rights and duties of the personal representative [in an action under § 6-5-410] are limited, however, to maintenance of the suit, collection of the damages, and distribution of the proceeds to the statutory distributees.')."
Affinity Hosp., L.L.C. v. Williford, 21 So.3d 712, 716 (Ala.2009). Further,
"[t]he right of action which the statute gives is a new right, not derivative nor the right of succession to the person slain. It is not a right of property, and the personal representative in bringing and prosecuting the suit acts as an agent of legislative appointment for the effectuation of the public policy it declares the prevention of homicides. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912 [(1911)]; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A., N.S., 568 [(1908)]; Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882 [(1921)]."
Breed v. Atlanta, Birmingham & Coast R.R., 241 Ala. 640, 642-43, 4 So.2d 315, 317 (1941). Any damages awarded as the result of a wrongful-death action are not a part of the decedent's estate, and the action, therefore, cannot benefit the estate. "[D]amages awarded pursuant to [§ 6-5-410, Ala.Code 1975,] are distributed according to the statute of distribution and are not part of the decedent's estate. The damages from a wrongful death award pass as though the decedent had died without a will." Steele v. Steele, 623 So.2d 1140, 1141 (Ala.1993).
Wayman directs our attention to the fact that this Court has also stated that the damages from a wrongful-death action do go to the estate. In reversing a trial court's judgment that allowed argument implying that the damages in a wrongful-death action filed under the Homicide Act, Code 1940, Tit. 7, § 123 (now § 6-5-410, Ala.Code 1975), were compensatory rather than punitive, this Court stated:
"Indeed, the recovery does not go to the wife or the husband, but to the estate of the decedent as stated in South [&] North Alabama Railroad Co. v. Sullivan, supra, 59 Ala. [272,] 279 [(1887)]:
"`To whom does the compensation go? Not to the husband, wife or *1217 child. The statute contains no provision that the recovery shall go to these. It shall be "distributed as personal property of an intestate is now distributed." That is, it goes to the estate of the decedent, with the limitation, that the fund "shall not be subject to the payment of the debts of the deceased."'"
Hardin v. Sellers, 270 Ala. 156, 159, 117 So.2d 383, 385 (1960). We hold that the above statement in Hardin v. Sellers was dicta and that it does not accurately state the law.[4]
Section 43-2-831, Ala.Code 1975, provides for the relation back of certain acts defined therein that are beneficial to the estate. Because an action brought under the wrongful-death statute is not brought on behalf of the estate, and because the estate gains no benefit from even a successful wrongful-death action, the relation-back provision in § 43-2-831 does not apply to a wrongful-death action brought under § 6-5-410.
In Ogle, Ogle, the personal representative named in his wife's will, filed a petition for letters testamentary and a wrongful-death action on the same day, September 30, 1992, four months after his wife's death on May 28, 1992. The probate court failed to issue the letters of administration within the next 20 months, not issuing the letters until the two-year period contained in the wrongful-death statute had expired. The trial court entered a summary judgment for the defendant because Ogle was not a personal representative of his wife's estate on the date he filed his wrongful-death action. In its discussion of the case, this Court said that the "probate court, through inadvertence, did not issue the letters of administration until January 19, 1995, the day after the plaintiff notified the court of its dereliction. That dereliction should not bar the plaintiff's action." Ogle, 706 So.2d at 711.
The legal issue presented in Ogle was not one of relation back; rather, the "legal question presented [was] whether the failure of the probate court to issue letters of administration within the two-year period after the death requires the dismissal of a wrongful death action that was timely filed by the person later issued letters of administration." Ogle, 706 So.2d at 707. This Court decided that, under the circumstances of that case, it did not.
In deciding Ogle, we recognized "that this Court has held that the wrongful death statute, which provides a two-year limitations period [at § 6-5-410(d)], is a statute of creation, otherwise known as a nonclaim bar to recovery, and that it is not subject to tolling provisions." Ogle, 706 So.2d at 708 (emphasis added). We have held that the two-year limitations period within which a wrongful-death action must be brought is not a statute of limitations. "[T]he time provision within which a wrongful death [action must be brought] is of the essence of the action, and also, such limitation affects the liability itself, and not merely the remedy." Nicholson v. Lockwood *1218 Greene Enq'rs, Inc., 278 Ala. 497, 500, 179 So.2d 76, 79 (1965). "The statute requires suit brought within two years after death. This is not a statute of limitations, but of the essence of the cause of action, to be disclosed by averment and proof." Parker v. Fies & Sons, 243 Ala. 348, 350, 10 So.2d 13, 15 (1942) (overruled on other grounds). Because the two-year period is not a statute of limitations but a period after which liability under the statute ceases to exist, it is not subject to tolling, contrary to the holding of the trial court.
As Wayman argues, Ogle partially overruled Strickland v. Mobile Towing & Wrecking Co., supra. The Strickland decision held that an action filed on March 11, 1968, was a nullity because the person who filed it did not receive his appointment as administrator until March 13, 1968, and the three-year statutory limitations period for filing the action had expired on March 12, 1968. Thus, the case construed federal statutes to hold that a wrongful-death action brought by anyone other than a decedent's personal representative duly appointed by the probate court should be dismissed as a nullity. Because the originally filed action was a nullity, the appointment made after the expiration of the three-year limitations period of the statute had no action to which it could relate back. This Court noted that the statutory time limit for filing an action under the Jones Act, 46 U.S.C. § 688, constituted a condition precedent to bringing the action and stated that that construction was consistent with "our construction of the time limit under the Alabama wrongful death statute, Tit. 7, § 123, Code 1940 [now § 6-5-410, Ala. Code 1975]." Strickland, 293 Ala. at 350, 303 So.2d at 99. In overruling Strickland, this Court stated in Ogle:
"Our decision in Strickland . . . came long before the Legislature's codification of § 43-2-831. We, therefore, overrule Strickland's holding regarding the application of the doctrine of relation back, insofar as it is inconsistent with what we hold today, but we note that Strickland correctly points out that under the doctrine of relation back one must have something to relate back to, and we note that in the present case the filing of the original petition is the event to which the appointment would relate back."
Ogle, 706 So.2d at 710 (emphasis added). Ogle is not specific as to what it overruled in Strickland, saying only that "we overrule Strickland's holding regarding the application of relation back, insofar as it is inconsistent with what we hold today." Ogle overruled Strickland because § 43-2-831, Ala.Code 1975, which became effective after Strickland was decided, specifically provides for relation back under certain circumstances. As emphasized above, however, this Court did not overrule the holding that under the doctrine of relation back there must be something to relate back to. It then related Ogle's appointment back to his filing of the petition for letters testamentary, which was the same date on which the action was filed.
To summarize, Ogle stated that the two-year limitations period in § 6-5-410 is not a statute of limitations and that it is not subject to tolling. Ogle acknowledged that relation back is permitted for personal representatives by virtue of § 43-2-831, but it allowed relation back in that wrongful-death case solely because of the "inadvertence" of the probate court, which caused the long delay after Ogle timely filed both his petition and his complaint within four months of the decedent's death. Because there must be something *1219 to which the appointment as a personal representative may relate back, the Court related the appointment back to the filing of the petition for such appointment. Although Ogle's appointment was permitted to relate back to the date he filed his petition for that appointment, nothing in Ogle supports Wayman's argument that her appointment as personal representative of Charles's estate relates back to the date of the filing of the wrongful-death action. This case is similar to Downtown Nursing Home, in which we held that the doctrine of relation back did not apply.
"In [Downtown Nursing Home], J.P. filed a complaint based on the death of E.P., who had died on November 24, 1976. After the two-year period had expired, J.P. sought to amend his complaint to substitute as the plaintiff B.J., who had been appointed administrator of E.P.'s estate on February 5, 1979, more than two years after E.P.'s death. This Court held that because there had been no one authorized to file the action before the expiration of the two years, the doctrine of relation-back had no application."
Ellis v. Hilburn, 688 So.2d 236, 238 (Ala. 1997).
Accordingly, the trial court erred when it denied the physicians' motion to dismiss the case on the basis that the two-year period of § 6-5-410 was tolled by the filing of an action by a person who had no authority under that statute to file a wrongful-death action. Because we reverse the judgment of the trial court on the basis of this error, we need not reach the parties' other arguments.

Conclusion
Because Wayman was not a personal representative appointed by the probate court when she filed the action or at the expiration of the statutory two-year period for filing a wrongful-death action, the trial court erred in denying the physicians' motion to dismiss the action on the basis that Wayman's appointment as personal representative, which became effective nine months after the expiration of the two-year limitations period, could not relate back to the date of Charles's death or to the date of the filing of the wrongful-death action. Consequently, we reverse the judgment of the trial court and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.
WOODALL, SMITH, and SHAW, JJ., concur in the result.
MURDOCK, J., dissents.
MURDOCK, Justice (dissenting).
In Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), this Court relied upon Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), in holding as follows:
"In Strickland v. Mobile Towing and Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), a suit was brought under the Jones Act one day prior to the expiration of the three year limitation period. The person bringing the suit was not appointed administrator until two days after the limitation period had expired.
"In examining the Jones Act, 46 U.S.C.A. § 688, this Court found that the three year limitation period was a condition precedent to any right to bring an action. This is consistent with the *1220 construction that has been placed on the limitation period found in the Alabama wrongful death statute.
"This Court held that any action by the administrator occurring prior to his appointment was a nullity and therefore there was nothing to which an amendment could relate back.
"In the present case, Johnnie E. Parker [the decedent's son] filed suit without having been appointed executor or administrator. Since he did not qualify under § 6-5-410[, Ala.Code 1975,] as a personal representative this suit was a nullity. Therefore, the doctrine of relation back, found in Rule 15(c), [Ala. R. Civ. P.], does not apply."
375 So.2d at 466.
Subsequently, however, in Ogle v. Gordon, 706 So.2d 707 (Ala.1997), this Court overruled Strickland. In so doing, we recognized the age-old, "practically universal" rule that the issuance of letters testamentary relates back to the decedent's "time of death" and vindicates acts of the personal representative done in the interim:
"The doctrine of relation back with respect to the powers of a personal representative has been in existence for approximately 500 years,1 and this Court first recognized it in Blackwell v. Blackwell, 33 Ala. 57 (1858). See also, McAleer v. Cawthon, 215 Ala. 674, 112 So. 251 (1927), and Nance v. Gray, 143 Ala. 234, 38 So. 916 (1905). In McAleer v. Cawthon, this Court stated:
"`[I]t is a rule of practically universal recognition that:
"`"When letters testamentary or of administration are issued, they relate back so as to vest the property in the representative as of the time of death and validate the acts of the representative done in the interim; but such validation or ratification applies only to acts which might properly have been done by a personal representative, and the estate ought not to be prejudiced by wrongful or injurious acts performed before one's appointment." 23 Corp. Jur. 1180, § 400.'
"215 Ala. at 675-76, 112 So. at 251. . . .
". . . .
"In 1993, the Alabama Legislature codified this doctrine by adopting Act No. 93-722, § 2, Ala. Acts 1993, codified at § 43-2-831, Ala.Code 1975. That Act became effective on January 1, 1994. Section 43-2-831, provides:
"`Tee duties and powers of a personal representative commence upon appointment. The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. Prior to appointment, a person named personal representative in a will may carry out written instructions of the decedent relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative.'
"(Emphasis added.)
"The defendants cite Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), a case construing federal statutes (and holding that the plaintiff who filed the wrongful death claim was not the personal representative at the time the action was *1221 filed), for the proposition that the doctrine of relation back does not apply in this case, on the basis that the appointment, coming beyond the two-year limitations period, gave the plaintiff no capacity to sue and was a nullity and that, therefore, there is nothing to relate back to. Our decision in Strickland, however, came long before the Legislature's codification of § 43-2-831. We, therefore, overrule Strickland's holding regarding the application of the doctrine of relation back, insofar as it is inconsistent with what we hold today . . . .
"1 J.B.G., Annotation, Relation Back of Letters Testamentary or of Administration, 26 A.L.R. 1359, 1360 (1923)."
706 So.2d at 709-10.
In overruling Strickland, this Court removed the basis for its decision in Downtown Nursing Home. Clearly the opinion of this Court in Ogle applied the relation-back doctrine embodied in § 43-2-831, Ala.Code 1975 (the language of which Alabama adopted from the Uniform Probate Code), to a wrongful-death action.
Nevertheless, the Court went on to state in Ogle "that Strickland correctly points out that under the doctrine of relation back one must have something to relate back to, and we note that in the present case the filing of the original petition is the event to which the appointment would relate back." 706 So.2d at 710. Thus, instead of making the event for relation-back purposes the decedent's date of death consistent with the age-old rule (and the statutory text) upon which its decision rested, this Court ultimately made the event for relation-back purposes the date on which the "petition" for letters testamentary was filed. Perhaps it did so merely because in Ogle that date was one and the same as the date on which the wrongful-death action was filed. 706 So.2d at 708.
In any event, I cannot accept this Court's failure to apply the well settled rule concerning the relation back of a personal representative's authority to the date of the decedent's death. In my opinion, we are failing to take proper account of § 43-2-831, Ala.Code 1975, and the judicial precedents it incorporates and that apply it, i.e., Ogle.
NOTES
[1] Dr. Claassen filed a separate motion to dismiss or, in the alternative, for a summary judgment on September 6, 2007, but on September 28, 2007, he moved the trial court to allow him to join in the motion of Dr. Wood and Ozark, adopting their arguments and authorities.
[2] The physicians note that the basis for opening the estate in Barbour County is unknown, and they do not concede that the petition or Wayman's appointment in that county as personal representative of Charles's estate is proper under Alabama law. Physicians' brief, at 9 n. 2. We do not address that issue.
[3] Section 43-2-831, Ala.Code 1975, which sets forth the time of accrual of duties and powers of a personal representative, became effective on January 1, 1994.
[4] Wayman cites 44 cases in support of her various positions, but, with the exception of those specifically addressed in this opinion, the cited cases are inapposite because they do not address a holding of an Alabama appellate court in an action filed under Alabama's wrongful-death statute; they contain mere mentions of estates that were established for the benefit of heirs using the proceeds of a wrongful-death action rather than the estate of the deceased; or, as in the case of Johnson v. Ralls, 286 Ala. 565, 243 So.2d 673 (1970), they were improperly brought under the wrongful-death statute.