**Mark MARVIN**

v.

**HEALTH CARE AUTHORITY FOR BAPTIST HEALTH, an affiliate of UAB Health System, d/b/a Baptist Medical Center South, et al.**

1140581.

Supreme Court of Alabama.

Jan. 29, 2016.

Rehearing Denied April 22, 2016.

Tiernan W. Luck III and Russell T. Duraski, Montgomery, for appellant.

James E. Williams and J. Flynn Mozingo of Melton, Espy & Williams, PC, Montgomery, for Health Care Authority for Baptist Health, an affiliate of UAB Health System, d/b/a Baptist Medical Center South, and Kimberly Strength, N.P.

Norman E. Waldrop, Jr., and Sam Gaillard Ladd, Jr., of Armbrect Jackson LLP, Mobile, for Dr. Christopher Heck.

Tabor R. Novak, Jr., and Miland F. Simpler III of Ball, Ball, Matthews & Novak, P.A., Montgomery, for Dr. Rajeev Nagarad and Dr. Sanjiv Shah.

Frank J. Stakely and Philip A. Sellers II of Rushton, Stakely, Johnston & Garrett, Montgomery, for Forrest Flemming, M.D., and David George, M.D.

PER CURIAM.

AFFIRMED. NO OPINION.

STUART, PARKER, and SHAW, JJ., concur.

BOLIN, J., concurs specially.

MOORE, C.J., and MURDOCK and WISE, JJ., dissent.

MAIN and BRYAN, JJ., recuse themselves.

BOLIN, Justice (concurring specially).

I concur in the no-opinion affirmance for the reasons expressed in my special concurrence in *Alvarado v. Estate of Kidd,* 205 So.3d 1188, 1192 (Ala.2016).

MOORE, Chief Justice (dissenting).

I respectfully dissent for the reasons expressed in my dissents in *Alvarado v. Estate of Kidd,* 205 So.3d 1188, 1197 (Ala. 2016), and *Richards v. Baptist Health, Inc.,* 176 So.3d 179, 179 (Ala.2014). I would overrule *Wood v. Wayman,* 47 So.3d 1212, 1216 (Ala.2010), which held that wrongful-death actions do not benefit the estate and, hence, that the powers of a personal representative in a wrongful-death case do not relate back in time to give acts of the personal representative prior to that appointment the same effect as acts occurring thereafter. See § 43–2–831, Ala.Code 1975.

MURDOCK, Justice (dissenting).

I dissent. See my special writing in *Alvarado v. Estate of Kidd,* 205 So.3d 1188, 1200 (Ala.2016).

WISE, Justice (dissenting).

Ollie Mae Marvin died on November 13, 2012, while she was a patient at Baptist Medical Center South in Montgomery. On November 10, 2014, Ollie's son, Mark Marvin, filed a petition to probate Ollie's will and a waiver from Ollie's other son, Albert Foard Marvin. However, Marvin did not file a waiver for Ollie's daughter, Marcia

Ann Dickens; instead, he asserted that her address was unknown.

On November 11, 2014, Marvin, individually and as the executor of Ollie's estate, sued the defendants—Healthcare Authority for Baptist Health, an affiliate of UAB Health System, d/b/a Baptist Medical Center South; Christopher Heck, M.D.; Rajeev Nagarad, M.D.; David George, M.D.; Kimberly Strength, N.P.; Henry F. Flemming, M.D.; Sanjiv Shah, M.D.; and various fictitiously named defendants—under the Alabama Medical Liability Act, § 6–5–480 et seq. and § 6–5–540 et seq., Ala. Code 1975, alleging that their negligence had wrongfully caused Ollie's death. Various defendants filed motions to dismiss, arguing that Marvin did not have standing and that he was not the proper party to bring the action because he had not been appointed as the personal representative of Ollie's estate. They also asserted that, because Marvin had not been appointed as the personal representative before the expiration of the limitations period, the case was barred by the two-year limitations period set forth in § 6–5–410(d), Ala.Code 1975.

The Montgomery Circuit Court granted the defendants' motions to dismiss, reasoning:

"Before the Court are motions to dismiss. The facts are not in dispute. [Marvin] seeks to prosecute a wrongful-death case. He filed for letters testamentary and this lawsuit just before the statute of limitations expired. No letters were issued until after the statute of limitations expired.

"The Court is left to decipher the Ogle[ v. Gordon, 706 So.2d 707 (Ala. 1997)], and [Wood v. Wayman, 47 So.3d 1212 (Ala.2010),] decisions which are seemingly contradictory. In Ogle, the Court explicitly held that the issuance of the letters related back to the time of the filing of the petition in probate court. [Wood] concluded that Ogle had nothing to do with relation back despite all evidence to the contrary including: the express statement of the issue, the holding, and fourteen references to 'relation back' or a derivative thereof. Ultimately, [Wood] decided that there was no relation back doctrine which could save a wrongful-death action save, perhaps, in the instance of a negligent delay by the probate judge.

"The obvious distinction between the two cases is that the plaintiff in Ogle filed for letters prior to the statute running while Wayman did not. However, the Court in [Wood] did not rely on this distinction, instead casting a broader shadow: '... The relation-back provision ... does not apply to a wrongful death action....'

"Accordingly, this court has no choice but to follow the most recent pronouncement and to dismiss this action since there is no allegation of culpability by the probate court. The bar should be forewarned that the two-year statute of limitations in a wrongful-death case is no more—the time limit is actually two years less whatever time it will take for a probate judge to issue letters. Better hope the judge is not on vacation, that the heirs are easily located, etc.

"The motions to dismiss are granted and the case is dismissed."

In *Wood v. Wayman,* 47 So.3d 1212 (Ala.2010), upon which the trial court relied, this Court stated:

"[T]his Court stated in *Ogle[ v. Gordon,* 706 So.2d 707 (Ala.1997)]:

"'Our decision in *Strickland[ v. Mobile Towing & Wrecking Co.,* 293 Ala. 348, 303 So.2d 98 (1974),] ... came long before the Legislature's codification of § 43–2–831. We, therefore, overrule *Strickland's* holding regard-

ing the application of the doctrine of relation back, insofar as it is inconsistent with what we hold today, but we note that *Strickland* correctly points out that under the doctrine of relation back *one must have something to relate back to,* and we note that in the present case the *filing of the original petition* is the event to which the appointment would relate back.'

"*Ogle,* 706 So.2d at 710 (emphasis added). *Ogle* is not specific as to what it overruled in *Strickland,* saying only that 'we overrule *Strickland's* holding regarding the application of relation back, insofar as it is inconsistent with what we hold today.' *Ogle* overruled *Strickland* because § 43–2–831, Ala.Code 1975, which became effective after *Strickland* was decided, specifically provides for relation back under certain circumstances. As emphasized above, however, this Court did not overrule the holding that under the doctrine of relation back there must be something to relate back to. It then related Ogle's appointment back to his filing of the petition for letters testamentary, which was the same date on which the action was filed.

"To summarize, *Ogle* stated that the two-year limitations period in § 6–5–410 is not a statute of limitations and that it is not subject to tolling. *Ogle* acknowledged that relation back is permitted for personal representatives by virtue of § 43–2–831, but it allowed relation back in that wrongful-death case solely because of the 'inadvertence' of the probate court, which caused the long delay after Ogle timely filed both his petition and his complaint within four months of the decedent's death. Because there must be something to which the appointment as a personal representative may relate back, *the Court related the appointment back to the filing of the petition for such appointment.* Although Ogle's appointment was permitted to relate back to the date he filed his petition for that appointment, nothing in *Ogle* supports Wayman's argument that her appointment as personal representative of Charles's estate relates back to the date of the filing of the wrongful-death action."

47 So.3d at 1218–19 (final emphasis added). Thus, as the trial court noted, in *Ogle* this Court held that an appointment as a personal representative may relate back to the filing of the petition for such appointment.

In this case, although he was appointed as the personal representative of Ollie's estate after the two-year limitations period had expired, Marvin filed the petition to probate Ollie's will within two years after Ollie's death *and* before he filed the wrongful-death action. Applying the principles regarding relation back that are discussed in the cases above to these facts, when the personal representative of an estate files a petition in the probate court before filing a wrongful-death suit, and when both are filed before the two-year limitations period expires, an appointment should relate back to the filing of the petition in the probate court. To the extent *Wood* either implicitly or explicitly held otherwise, it should be overruled.

In this case, Marvin's appointment should relate back to the filing of the petition to probate Ollie's will, which was before the limitations period expired. Therefore, I would hold that the trial court erred in dismissing the wrongful-death action. Accordingly, I respectfully dissent.