MURDOCK, Justice
(dissenting).
I respectfully dissent. See my dissent in Ex parte Courtyard Citiflats, LLC, 191 So.3d 787, 798 (Ala.2015), reasoning, inter alia, as follows:
“It appears then that the Court [in De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985),] was intending to describe simply the requirement that, if a filing fee is not paid with the complaint, the plaintiff must file an affidavit that, ultimately, meets with the approval of the court.
“The main opinion’s understanding of [certain language in De-Gas ] as requiring that the affidavit of substantial hardship be approved at some point before the statute of limitations expires would mean that a plaintiffs meeting a statute-of-limitations deadline depends not on the plaintiffs own action, but on how quickly a third party — a trial court judge — takes some sort of action. Such a scheme is unseemly at best, and unworkable and inequitable at worst. Indeed, it raises the specter that two plaintiffs appearing before two different judges in adjoining circuits, or even in the same circuit, with similar causes of action against the same defendant might file essentially the same ‘papers’ (including in both cases similar affidavits of substantial hardship) in an effort to corn- *1118 menee an action several weeks (or perhaps even months) before the expiration of a statute of limitations and that one will be deemed in the end to have succeeded in meeting the deadline while the other will not, the only difference between them being the timeliness of the trial judge assigned to their respective cases. Surely the satisfaction of a statute of limitations, not to mention the invocation of a court’s jurisdiction, is something that is to be within the control of the plaintiff and not dependent on the actions of a third party, even if that third party is the court itself.”
Speaking to an analogous circumstance (dependence upon a probate court for the issuance of letters of administration), I recently noted that a statute of limitations is intended
“to provide a ‘bright-line’ time limit that provides uniformity and certainty....
“Further, and of even more fundamental import to the manner in which statutes of limitations are intended to function, whether a plaintiff meets the statute-of-limitations deadline should be within that plaintiffs control and not the control of a third party, e.g., a probate court acting on a petition for letters testamentary or of administration. When meeting a statute of limitations depends upon the acts of a third party, two plaintiffs who take exactly the same actions at the same time to pursue their claims face the distinct possibility of different outcomes.”
Alvarado v. Estate of Kidd, 205 So.3d 1188, 1201 (Ala.2016) (Murdock, J., dissenting) (emphasis omitted) (also quoting the trial court in a related case, Marvin v. Health Care Authority for Baptist Health, 204 So.3d 863, 864 (Ala.2016), as follows: “ ‘The bar should be forewarned that the two year statute of limitations in a wrongful death case is no more — the time limit is actually two years less whatever time it will take for a probate judge to issue letters. Better hope the judge is not on vacation ... etc.’ ”).